# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN
### GREEN BAY DIVISION

---

THOMAS POWERS
1255 Canterbury Road
Green Bay, Wisconsin 54304

        Plaintiff,                           Case No.: 19-cv-525

        v.                                **JURY TRIAL DEMANDED**

APPLIED FLOORING SOLUTIONS, LLC
P.O. Box 13095
Green Bay, Wisconsin 54307

        Defendant

---

## COMPLAINT

---

COMES NOW Plaintiff, Thomas Powers, by his counsel, WALCHESKE & LUZI, LLC, as and for a claim against Defendant, alleges and shows to the Court as follows:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA").

2.      This Court has supplemental jurisdiction over this matter pursuant to 28 U.S.C. § 1367 because this case involves claims under Wisconsin's Wage Payment and Collection Laws ("WWPCL"), and these claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendant resides and/or operates its business in the Eastern District of Wisconsin and the unlawful

employment practices of which Plaintiff complains occurred within the Eastern District of Wisconsin.

## PARTIES AND COVERAGE

4.     Plaintiff, Thomas Powers, is an adult male resident of the State of Wisconsin with a post office address of 1255 Canterbury Road, Green Bay, Wisconsin 54304.

5.     Defendant, Applied Flooring Solutions, LLC, was, at all material times herein, a commercial entity with a principal address of P.O. Box 13095, Green Bay, Wisconsin 54307.

6.     Defendant's registered agent for service of process in the State of Wisconsin is Christine C. Urban, located at 2850 North Lake Ridge Lane, Suamico, Wisconsin 54313.

7.     Defendant is a privately-owned flooring company.

8.     During the relevant time periods as stated herein, Defendant was engaged in "commerce" and/or its employees were engaged in "commerce," as that term is defined under the FLSA.

9.     During the relevant time periods as stated herein, Defendant employed more than two (2) employees.

10.     During the relevant time periods as stated herein, Defendant's annual dollar volume of sales or business exceeded $500,000.

11.     During the relevant time periods as stated herein, Defendant was an "employer" as that term is defined under the FLSA and the WWPCL.

12.     During the relevant time periods as stated herein, Plaintiff was "employed" by and/or an "employee" of Defendant as these terms are defined under the FLSA and the WWPCL.

13.     During the relevant time periods as stated herein, Plaintiff was engaged in commerce or in the production of goods for commerce.

## **GENERAL ALLEGATIONS**

14.     In approximately June 2018, Defendant hired Plaintiff as a Laborer.

15.     In approximately mid-March 2019, Defendant promoted Plaintiff to the position of Foreman.

16.     During Plaintiff's employment with Defendant, Plaintiff reported directly to Jeremy Neta, General Manager, who reported directly to Christine Urban, President.

17.     During the entirety of Plaintiff's employment with Defendant, Plaintiff's primary job duty was performing manual labor at Defendant's "shop" location in De Pere, Wisconsin and at various job sites across the State of Wisconsin and the Midwestern region of the United States.

18.     During the entirety of Plaintiff's employment with Defendant, Defendant compensated Plaintiff with an hourly rate of pay.

19.     During the entirety of Plaintiff's employment with Defendant, Plaintiff was a non-exempt employee under the FLSA and WWPCL.

20.     During Plaintiff's employment with Defendant, Defendant compensated Plaintiff on a bi-weekly basis.

21.     During Plaintiff's employment with Defendant, Plaintiff frequently worked in excess of forty (40) hours per workweek.

22.     During Plaintiff's employment with Defendant, Plaintiff frequently worked in excess of forty (40) hours per workweek with Defendant's knowledge, at Defendant's direction, for Defendant's benefit, and/or on Defendant's behalf.

23.     During Plaintiff's employment with Defendant, Defendant's workweek for FLSA and WWPCL purposes was Sunday through Saturday.

24.     On or about March 21, 2019 was Plaintiff's last day of employment at Defendant.

## OFF-THE-CLOCK WORK

25.     During Plaintiff's employment with Defendant, Plaintiff generally performed compensable work either locally (in the State of Wisconsin) or out-of-state.

26.     During Plaintiff's employment with Defendant and on work days when Plaintiff performed compensable work locally, Plaintiff's customary routine on any given work day was as follows: travel from his home to Defendant's "shop" in De Pere, Wisconsin to receive instructions and assignments for the work day and to gather and load materials into Defendant's vehicles to take to the job site; travel from Defendant's "shop" in De Pere, Wisconsin to the job site; perform work at the job site during the work day; leave the job site at the end of the work day and return to Defendant's "shop" in De Pere, Wisconsin; and travel from Defendant's "shop" in De Pere, Wisconsin to his home to end the work day.

27.     During Plaintiff's employment with Defendant and on work days when Plaintiff performed compensable work out-of-state, Plaintiff's customary routine on any given work day was as follows: travel from the hotel to the job site; perform work at the job site during the work day; and leave the job site at the end of the work day and return to the hotel.

28.     During Plaintiff's employment with Defendant, and regardless of whether Plaintiff was working locally or out-of-state, Plaintiff (and all other non-exempt, hourly-paid employees) recorded his (and their) hours worked and work performed via Defendant's electronic timekeeping system.

29.     During Plaintiff's employment with Defendant, Plaintiff's habit or routine was to "clock-in" via Defendant's electronic timekeeping system at the beginning of the work day and "clock-out" via Defendant's electronic timekeeping system at the end of the work day.

30. During Plaintiff's employment with Defendant, Defendant's electronic timekeeping system recorded Plaintiff's actual hours worked and work performed.

31. During Plaintiff's employment with Defendant, Defendant's electronic timekeeping system recorded Plaintiff's compensable work time.

32. However, during Plaintiff's employment with Defendant, Defendant's electronic timekeeping system did not record *all* of Plaintiff's actual hours worked, work performed, and compensable work time.

33. During Plaintiff's employment with Defendant, Plaintiff's customary routine on any given work day when he performed work locally was to "clock in" via Defendant's electronic timekeeping system when he arrived at Defendant's "shop" in De Pere, Wisconsin from his home at the beginning of the work day.

34. However, at times during Plaintiff's employment with Defendant and when Plaintiff performed work locally, Defendant instructed Plaintiff not to "clock in" via its electronic timekeeping system until he arrived at the job site, as opposed to immediately when he arrived at Defendant's "shop" in De Pere, Wisconsin from his home at the beginning of the work day.

35. On numerous work days during Plaintiff's employment with Defendant when Plaintiff performed work locally, Defendant knew or had knowledge that Plaintiff did not "clock in" via its electronic timekeeping system until he arrived at the job site, as opposed to immediately when he arrived at Defendant's "shop" in De Pere, Wisconsin from his home at the beginning of the work day.

36.     On numerous work days during Plaintiff's employment with Defendant when Plaintiff performed work locally, Urban communicated her understanding, acknowledgement, and appreciation to Plaintiff that he (Plaintiff) was not "clocking in" via Defendant's electronic timekeeping system until he arrived at the job site, as opposed to immediately when he arrived at Defendant's "shop" in De Pere, Wisconsin from his home at the beginning of the work day.

37.     During Plaintiff's employment with Defendant when Plaintiff performed work locally, Defendant did not compensate Plaintiff for hours worked and work performed on work days when Plaintiff did not "clock in" via Defendant's electronic timekeeping system until he arrived at the job site, as opposed to immediately when he arrived at Defendant's "shop" in De Pere, Wisconsin from his home at the beginning of the work day, including at an overtime rate of pay.

38.     During Plaintiff's employment with Defendant, Plaintiff's customary routine on any given work day when he performed work out-of-state was to: (1) "clock in" via Defendant's electronic timekeeping system when he left the hotel to travel to the job site at the beginning of the work day; and (2) "clock out" via Defendant's electronic timekeeping system when he left the job site to travel back to the hotel at the end of the work day.

39.     However, at times during Plaintiff's employment with Defendant and when Plaintiff performed work out-of-state, Defendant instructed Plaintiff not to "clock in" via its electronic timekeeping system until Plaintiff arrived at the job site from the hotel, as opposed to immediately when he left the hotel to travel to the job site at the beginning of the work day.

40.     At times during Plaintiff's employment with Defendant and when Plaintiff performed work out-of-state, Defendant instructed Plaintiff to "clock out" via its electronic timekeeping system immediately when Plaintiff left the job site to travel back to the hotel, as

opposed to "clocking out" via Defendant's electronic timekeeping system when Plaintiff arrived back at the hotel from the job site at the end of the work day.

41.     On numerous work days during Plaintiff's employment with Defendant when Plaintiff performed work out-of-state, Defendant knew or had knowledge that Plaintiff was not "clocking in" via its electronic timekeeping system until he arrived at the job site, as opposed to immediately when he left the hotel to travel to the job site at the beginning of the work day.

42.     On numerous work days during Plaintiff's employment with Defendant when Plaintiff performed work out-of-state, Defendant knew or had knowledge that Plaintiff was "clocking out" via its electronic timekeeping system immediately when Plaintiff left the job site to travel back to the hotel, as opposed to when he arrived back at the hotel from the job site at the end of the work day.

43.     On work days during Plaintiff's employment with Defendant when Plaintiff performed work out-of-state, Defendant did not compensate Plaintiff for all hours worked and work performed during the work day, including at an overtime rate of pay.

## TIMECLOCK ROUNDING

44.     During Plaintiff's employment with Defendant, Defendant's electronic timekeeping system recorded Plaintiff's "clock in" and "clock out" times in quarter-hour increments.

45.     During Plaintiff's employment with Defendant, Defendant's electronic timekeeping system rounded Plaintiff's "clock in" and "clock out" times to the nearest quarter-hour.

46.     During Plaintiff's employment with Defendant, Defendant's electronic timekeeping system recorded Plaintiff's hours worked in quarter-hour increments.

47.     During Plaintiff's employment with Defendant, Defendant's electronic timekeeping system rounded Plaintiff's hours worked to the nearest quarter-hour.

48.     During Plaintiff's employment with Defendant, Defendant's electronic timekeeping system rounded Plaintiff's hours worked in a non-neutral manner – most often to Defendant's own benefit and to Plaintiff's detriment.

49.     During Plaintiff's employment with Defendant, Defendant's electronic timekeeping system rounded Plaintiff's hours worked in a non-neutral manner – most often to Defendant's own benefit and to Plaintiff's detriment, depriving Plaintiff of compensation for hours worked and work performed, including at an overtime rate of pay.

## UNCOMPENSATED WORK PERFORMED

50.     During Plaintiff's employment with Defendant and during the workweeks from approximately March 3, 2019 to March 16, 2019, Plaintiff performed work on behalf of Defendant, with Defendant's knowledge, at Defendant's direction, and/or for Defendant's benefit.

51.     During Plaintiff's employment with Defendant and during the workweeks from approximately March 3, 2019 to March 16, 2019, Defendant did not compensate Plaintiff for any work performed on behalf of it, with its knowledge, at its direction, and/or for its benefit.

52.     During Plaintiff's employment with Defendant and during the workweeks from approximately March 3, 2019 to March 16, 2019, Defendant did not compensate Plaintiff with an effective hourly rate of at least $7.25 per hour for each hour worked.

53. During Plaintiff's employment with Defendant and during the workweeks from approximately March 3, 2019 to March 16, 2019, Defendant did not compensate Plaintiff with his previously agreed-upon regular and overtime rates of pay for hours worked and/or work performed.

**

54. During Plaintiff's employment with Defendant, Defendant suffered or permitted Plaintiff to work without appropriately and lawfully compensating him for all hours worked and/or work performed in a workweek by: (1) failing to compensate Plaintiff for all hours worked and/or work performed "off-the-clock"; (2) shaving time from Plaintiff's timesheets by impermissibly rounding recorded hours of work in a non-neutral manner (for its own benefit and to Plaintiff's detriment); and (3) failing to compensate Plaintiff at a regular rate of pay, at an overtime rate of pay, with minimum wages (at an effective hourly rate of at least $7.25 per hour), and/or with agreed-upon wages for any and all work performed and/or hours worked during the workweeks from approximately March 3, 2019 to March 16, 2019.

55. During Plaintiff's employment with Defendant, Plaintiff's paychecks did not properly or lawfully compensate him for all hours worked in a workweek.

56. Defendant knew or should have known that Plaintiff must be compensated for all hours worked (and for all hours Defendant suffered or permitted him to work) in a workweek in accordance with the FLSA and WWPCL.

57. Defendant had a statutory duty to comply with the FLSA and WWPCL and to remedy FLSA and WWPCL violations of which it was aware and/or of which it should have been aware.

58.     Defendant owes Plaintiff earned and unpaid wages for work performed during Plaintiff's employment with Defendant for which Plaintiff was not properly and lawfully compensated, plus an equal amount for liquidated damages, in an amount to be determined.

## FIRST CAUSE OF ACTION – FLSA VIOLATIONS
### (OVERTIME PAY)

59.     Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

60.     Section 207(a)(1) of the FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.

61.     At all times material herein, Plaintiff was entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

62.     Defendant intentionally violated the FLSA by failing to compensate Plaintiff with overtime premium pay for each hour worked in excess of forty (40) hours in a workweek.

63.     Defendant intentionally violated the FLSA by failing to compensate Plaintiff with overtime premium pay for each hour worked in excess of forty (40) hours in a workweek by failing to compensate Plaintiff for "off-the-clock" hours worked and work performed.

64.     Defendant intentionally violated the FLSA by failing to compensate Plaintiff with overtime premium pay for each hour worked in excess of forty (40) hours in a workweek by shaving time from Plaintiff's timesheets by impermissibly rounding recorded hours of work in a non-neutral manner (for its own benefit and to Plaintiff's detriment).

65. Defendant intentionally violated the FLSA by failing to compensate Plaintiff with overtime premium pay for each hour worked in excess of forty (40) hours during the workweeks from approximately March 3, 2019 to March 16, 2019.

66. Defendant's failure to properly and legally compensate Plaintiff for all compensable work performed was willfully perpetrated. Defendant has not acted in good faith and with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime wages as described above pursuant to Section 216(b) of the FLSA. Alternatively, should the Court find that Defendant acted reasonably and with good faith in failing to pay overtime wages, Plaintiff is entitled to an award of pre-judgment interest at the applicable legal rate.

67. As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld from Plaintiff by Defendant.

68. Plaintiff is entitled to damages equal to the overtime compensation due and owing to him within the three (3) years preceding the date of filing of this Complaint, ECF No. 1, plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA and otherwise engaged in wrongful conduct that prevented Plaintiff from asserting his claims against Defendant.

69. Pursuant to the FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages.

## SECOND CAUSE OF ACTION – FLSA VIOLATIONS
## (MINIMUM WAGE)

70.     Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

71.     Section 206(a)(1) of the FLSA regulates, among other things, the payment of an minimum wage by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.

72.     At all times material herein, Plaintiff was entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

73.     During Plaintiff's employment with Defendant and during the workweeks from approximately March 3, 2019 to March 16, 2019, Defendant intentionally violated the FLSA by not compensating Plaintiff with an effective hourly rate of at least $7.25 per hour for each hour worked.

74.     During Plaintiff's employment with Defendant and during the workweeks from approximately March 3, 2019 to March 16, 2019, Defendant's failure to properly and legally compensate Plaintiff for any and all compensable work performed was willfully perpetrated. Defendant has not acted in good faith and with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages as described above pursuant to Section 216(b) of the FLSA. Alternatively, should the Court find that Defendant acted reasonably and with good faith in failing to pay minimum wages, Plaintiff is entitled to an award of pre-judgment interest at the applicable legal rate.

75.     As a result of the aforesaid willful violations of the FLSA's provisions, minimum wage compensation has been unlawfully withheld from Plaintiff by Defendant in accordance with the FLSA.

76.     Plaintiff is entitled to damages equal to the mandated minimum wage within the three (3) years preceding the date of filing of this Complaint, ECF No. 1, plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA and otherwise engaged in wrongful conduct that prevented Plaintiff from asserting his claims against Defendant.

77.     Pursuant to the FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages.

### THIRD CAUSES OF ACTION – WWPCL VIOLATIONS
### (OVERTIME PAY; MINIMUM WAGE; AND
### FAILURE TO PAY AN AGREED UPON WAGE)

78.     Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

79.     At all times material herein, Plaintiff was an employee of Defendant within the meaning of Wis. Stat. § 109.01(1r), Wis. Stat. §103.001(5), and Wis. Stat. §104.01(2)(a).

80.     At all times material herein, Defendant was an employer of Plaintiff within the meaning of Wis. Stat. § 109.01(2), Wis. Stat. §103.001(6), Wis. Stat. §104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

81.     At all times material herein, Defendant employed Plaintiff within the meaning of Wis. Stat. §§109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

82.     At all times material herein, Plaintiff regularly performed activities that were an integral and indispensable part of his principal activities without receiving compensation for these activities, including at an overtime rate of pay, at the correct overtime rate of pay, and at a previously agreed-upon rate of pay.

83.     During Plaintiff's employment with Defendant, Plaintiff worked hours in excess of forty (40) per workweek for which he was not compensated with overtime premium pay, in violation of the WWPCL.

84.     During Plaintiff's employment with Defendant, Plaintiff worked hours in excess of forty (40) per workweek for which he was not compensated with overtime premium pay because of Defendant's failure to compensate Plaintiff for "off-the-clock" hours worked and work performed.

85.     During Plaintiff's employment with Defendant, Plaintiff worked hours in excess of forty (40) per workweek for which he was not compensated with overtime premium pay because of Defendant shaved time from Plaintiff's timesheets by impermissibly rounding recorded hours of work in a non-neutral manner (for its own benefit and to Plaintiff's detriment).

86.     During the workweeks from approximately March 3, 2019 to March 16, 2019 during Plaintiff's employment with Defendant, Plaintiff worked hours in excess of forty (40) per workweek for which he was not compensated with overtime premium pay, in violation of the WWPCL.

87.     During Plaintiff's employment with Defendant and during the workweeks from approximately March 3, 2019 to March 16, 2019, Defendant failed to compensate Plaintiff with an effective hourly rate of at least $7.25 per hour for each hour worked, in violation of the WWPCL.

88.     During Plaintiff's employment with Defendant, Defendant agreed to compensate Plaintiff for all hours worked and work performed on its behalf, with its knowledge, at its direction, and/or for its benefit.

89.     During Plaintiff's employment with Defendant, Defendant failed to compensate Plaintiff for all hours worked and work performed, including but not limited to at an agreed-upon wage as defined in Wis. Stat. § 109.01(3), by: (1) failing to compensate Plaintiff for "off-the-clock" hours worked and work performed; and (2) shaving time from Plaintiff's timesheets by impermissibly rounding recorded hours of work in a non-neutral manner (for its own benefit and to Plaintiff's detriment).

90.     During Plaintiff's employment with Defendant, Defendant failed to compensate Plaintiff for all hours worked and work performed, including but not limited to at an agreed-upon wage as defined in Wis. Stat. § 109.01(3), including but not limited to compensating with Plaintiff with his normal and previously agreed-upon regular and overtime rates of pay for all hours worked and work performed during the workweeks from approximately March 3, 2019 to March 16, 2019.

91.     The foregoing conduct, as alleged above, constitutes willful violations of the WWPCL.

92.     As set forth above, Plaintiff sustained losses in compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff seeks damages in the amount of his unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

93.     Plaintiff seeks recovery of attorneys' fees and the costs of this action to be paid by Defendant, pursuant to the WWPCL.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1.  Order Defendant to make Plaintiff whole by providing reimbursement for unpaid wages, including but not limited to overtime wages, minimum wages, agreed-upon wages, and pre-judgment and post-judgment interest, and for all times spent performing compensable work for which Plaintiff was not properly paid as provided under the FLSA and WWPCL;

2.  Grant to Plaintiff attorneys' fees, costs, and disbursements as provided by statute;

3.  Grant to Plaintiff liquidated damages against Defendant; and

4.  Grant to Plaintiff whatever other relief this Court deems necessary and proper.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES.**

Dated this 12th day of April, 2019

WALCHESKE & LUZI, LLC
Counsel for Plaintiff

*s/ Scott S. Luzi*
James A. Walcheske, State Bar No. 1065635
Scott S. Luzi, State Bar No. 1067405

WALCHESKE & LUZI, LLC
15850 W. Bluemound Road, Suite 304
Brookfield, Wisconsin 53005
Phone: (262) 780-1953
Fax: (262) 565-6469
jwalcheske@walcheskeluzi.com
sluzi@walcheskeluzi.com