**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION**

THOMAS POWERS,

       Plaintiff,                               Case No. 19-cv-525

vs.

APPLIED FLOORING SOLUTIONS, LLC,

       Defendant.

**DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

COMES NOW Defendant, Applied Flooring Solutions, LLC, by and through its attorneys, The Law Firm of Conway, Olejniczak & Jerry, S.C., does hereby answer the Complaint of Plaintiff, Thomas Powers, as follows:

1. As to Paragraph 1 of the Plaintiff's Complaint, Defendant admits that the Complaint alleges a violation of federal law, but denies that it violated federal laws.

2. As to Paragraph 2 of the Plaintiff's Complaint, Defendant admits that the Court has supplemental jurisdiction of the state claims alleged in the Complaint if the Court has original jurisdiction over the federal claims asserted, but denies that it violated any state laws.

3. As to Paragraph 3 of the Plaintiff's Complaint, Defendant admits that venue is proper in this District, but denies that it engaged in any unlawful employment practices and denies all other allegations in the paragraph.

4. As to Paragraph 4 of the Plaintiff's Complaint, Defendant lacks knowledge or information sufficient to form a belief as the truth of the allegations in this paragraph.

5. As to Paragraph 5 of the Plaintiff's Complaint, Defendant admits.

6. As to Paragraph 6 of the Plaintiff's Complaint, Defendant admits.

7. As to Paragraph 7 of the Plaintiff's Complaint, Defendant admits.

8. As to Paragraph 8 of the Plaintiff's Complaint, Defendant, upon information and belief, admits.

9. As to Paragraph 9 of the Plaintiff's Complaint, Defendant admits.

10. As to Paragraph 10 of the Plaintiff's Complaint, Defendant admits.

11. As to Paragraph 11 of the Plaintiff's Complaint, Defendant admits that it employed and currently employs individuals, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies the same.

12. As to Paragraph 12 of the Plaintiff's Complaint, Defendant admits that it employed Plaintiff, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies the same.

13. As to Paragraph 13 of the Plaintiff's Complaint, Defendant denies that it was engaged in the production of goods and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 13 of the Plaintiff's Complaint.

14. As to Paragraph 14 of the Plaintiff's Complaint, Defendant admits, upon information and belief, that Plaintiff began employment on or about June 29, 2018.

15. As to Paragraph 15 of the Plaintiff's Complaint, Defendant denies.

16. As to Paragraph 16 of the Plaintiff's Complaint, Defendant admits.

17. As to Paragraph 17 of the Plaintiff's Complaint, Defendant denies.

18. As to Paragraph 18 of the Plaintiff's Complaint, Defendant admits that Plaintiff was paid an hourly rate, but denies that Plaintiff only received an hourly rate.

19. As to Paragraph 19 of the Plaintiff's Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies the same.

20. As to Paragraph 20 of the Plaintiff's Complaint, Defendant admits.

21. As to Paragraph 21 of the Plaintiff's Complaint, Defendant admits that Plaintiff worked in excess of forty hours during some workweeks while employed, but denies the remaining allegations of this paragraph.

22. As to Paragraph 22 of the Plaintiff's Complaint, Defendant admits that Plaintiff worked in excess of forty hours during some workweeks while employed, but denies the remaining allegations of this paragraph.

23. As to Paragraph 23 of the Plaintiff's Complaint, Defendant admits.

24. As to Paragraph 24 of the Plaintiff's Complaint, Defendant denies and, upon information and belief, Plaintiff's last day of performing work was March 20, 2019.

25. As to Paragraph 25 of the Plaintiff's Complaint, Defendant admits, but denies any allegation, inference or implication that Defendant failed to pay for any compensable work performed.

26. As to Paragraph 26 of the Plaintiff's Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies the same.

27. As to Paragraph 27 of the Plaintiff's Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies the same.

28. As to Paragraph 28 of the Plaintiff's Complaint, Defendant admits that Plaintiff was required to accurately record all of his hours worked and that Plaintiff was paid for all of his hours worked, but denies any allegation contrary to the foregoing.

29. As to Paragraph 29 of the Plaintiff's Complaint, Defendant admits that Plaintiff was required to accurately record all of his hours worked and that Plaintiff was paid for all of his hours worked, but denies any allegation contrary to the foregoing.

30. As to Paragraph 30 of the Plaintiff's Complaint, Defendant admits.

31. As to Paragraph 31 of the Plaintiff's Complaint, Defendant admits.

32. As to Paragraph 32 of the Plaintiff's Complaint, Defendant denies.

33. As to Paragraph 33 of the Plaintiff's Complaint, Defendant admits.

34. As to Paragraph 34 of the Plaintiff's Complaint, Defendant denies.

35. As to Paragraph 35 of the Plaintiff's Complaint, Defendant denies.

36. As to Paragraph 36 of the Plaintiff's Complaint, Defendant denies.

37. As to Paragraph 37 of the Plaintiff's Complaint, Defendant denies.

38. As to Paragraph 38 of the Plaintiff's Complaint, Defendant denies.

39. As to Paragraph 39 of the Plaintiff's Complaint, Defendant denies.

40. As to Paragraph 40 of the Plaintiff's Complaint, Defendant denies.

41. As to Paragraph 41 of the Plaintiff's Complaint, Defendant denies.

42. As to Paragraph 42 of the Plaintiff's Complaint, Defendant denies.

43. As to Paragraph 43 of the Plaintiff's Complaint, Defendant denies.

44. As to Paragraph 44 of the Plaintiff's Complaint, Defendant admits.

45. As to Paragraph 45 of the Plaintiff's Complaint, Defendant admits.

46. As to Paragraph 46 of the Plaintiff's Complaint, Defendant admits.

47. As to Paragraph 47 of the Plaintiff's Complaint, Defendant admits.

48. As to Paragraph 48 of the Plaintiff's Complaint, Defendant denies.

49. As to Paragraph 49 of the Plaintiff's Complaint, Defendant denies.

50. As to Paragraph 50 of the Plaintiff's Complaint, Defendant admits that Plaintiff performed work at times from March 3, 2019 to March 16, 2019, but denies any allegation, inference or implication that Defendant did not compensate Plaintiff for such work.

51. As to Paragraph 51 of the Plaintiff's Complaint, Defendant denies it did not compensate Plaintiff and, furthermore, Defendant affirmatively states that Plaintiff agreed to and did reimburse amounts he owed to Defendant.

52. As to Paragraph 52 of the Plaintiff's Complaint, Defendant denies it compensated Plaintiff with an hourly rate less than $7.25 and, furthermore, Defendant affirmatively states that Plaintiff agreed to and did reimburse amounts he owed to Defendant.

53. As to Paragraph 53 of the Plaintiff's Complaint, Defendant denies.

54. As to Paragraph 54 of the Plaintiff's Complaint, Defendant denies.

55. As to Paragraph 55 of the Plaintiff's Complaint, Defendant denies.

56. As to Paragraph 56 of the Plaintiff's Complaint, Defendant admits that it knows that certain employees must be compensated for all hours worked, but denies any allegation, inference or implication that Defendant did not compensate Plaintiff for all hours worked.

57. As to Paragraph 57 of the Plaintiff's Complaint, Defendant, upon information and belief, admits, but denies any allegation, inference, or implication that Defendant violated applicable law.

58. As to Paragraph 58 of the Plaintiff's Complaint, Defendant denies.

59. As to Paragraph 59 of the Plaintiff's Complaint, Defendant reasserts and incorporates its responses to Paragraphs 1 through 58 of the Complaint.

60. As to Paragraph 60 of the Plaintiff's Complaint, Plaintiff's averment in this paragraph is a conclusion of law, which does not require a response from Defendant, and, to the extent a response is required, it is denied.

61. As to Paragraph 61 of the Plaintiff's Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies the same.

62. As to Paragraph 62 of the Plaintiff's Complaint, Defendant denies.

63. As to Paragraph 63 of the Plaintiff's Complaint, Defendant denies.

64. As to Paragraph 64 of the Plaintiff's Complaint, Defendant denies.

65. As to Paragraph 65 of the Plaintiff's Complaint, Defendant denies.

66. As to Paragraph 66 of the Plaintiff's Complaint, Defendant denies.

67. As to Paragraph 67 of the Plaintiff's Complaint, Defendant denies.

68. As to Paragraph 68 of the Plaintiff's Complaint, Defendant denies.

69. As to Paragraph 69 of the Plaintiff's Complaint, Defendant denies.

70. As to Paragraph 70 of the Plaintiff's Complaint, Defendant reasserts and incorporates its responses to Paragraphs 1 through 69 of the Complaint.

71. As to Paragraph 71 of the Plaintiff's Complaint, Plaintiff's averment in this paragraph is a conclusion of law, which does not require a response from Defendant, and, to the extent a response is required, it is denied.

72. As to Paragraph 72 of the Plaintiff's Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies the same.

73. As to Paragraph 73 of the Plaintiff's Complaint, Defendant denies it compensated Plaintiff with an hourly rate less than $7.25 and, furthermore, Defendant affirmatively states that Plaintiff agreed to and did reimburse amounts he owed to Defendant.

74. As to Paragraph 74 of the Plaintiff's Complaint, Defendant denies.

75. As to Paragraph 75 of the Plaintiff's Complaint, Defendant denies.

76. As to Paragraph 76 of the Plaintiff's Complaint, Defendant denies.

77. As to Paragraph 77 of the Plaintiff's Complaint, Defendant denies.

78. As to Paragraph 78 of the Plaintiff's Complaint, Defendant reasserts and incorporates its responses to Paragraphs 1 through 77 of the Complaint.

79. As to Paragraph 79 of the Plaintiff's Complaint, Defendant admits that it employed Plaintiff, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies the same.

80. As to Paragraph 80 of the Plaintiff's Complaint, Defendant admits that it employed Plaintiff, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies the same.

81. As to Paragraph 81 of the Plaintiff's Complaint, Defendant admits that it employed Plaintiff, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies the same.

82. As to Paragraph 82 of the Plaintiff's Complaint, Defendant denies.

83. As to Paragraph 83 of the Plaintiff's Complaint, Defendant denies.

84. As to Paragraph 84 of the Plaintiff's Complaint, Defendant denies.

85. As to Paragraph 85 of the Plaintiff's Complaint, Defendant denies.

86. As to Paragraph 86 of the Plaintiff's Complaint, Defendant and, furthermore, Defendant affirmatively states that Plaintiff agreed to and did reimburse amounts he owed to Defendant.

87. As to Paragraph 87 of the Plaintiff's Complaint, Defendant denies and, furthermore, Defendant affirmatively states that Plaintiff agreed to and did reimburse amounts he owed to Defendant.

88. As to Paragraph 88 of the Plaintiff's Complaint, Defendant admits, but denies any allegation, inference or implication that Defendant failed to pay for any compensable work performed.

89. As to Paragraph 89 of the Plaintiff's Complaint, Defendant denies.

90. As to Paragraph 90 of the Plaintiff's Complaint, Defendant denies.

91. As to Paragraph 91 of the Plaintiff's Complaint, Defendant denies.

92. As to Paragraph 92 of the Plaintiff's Complaint, Defendant denies.

93. As to Paragraph 93 of the Plaintiff's Complaint, Defendant denies.

## **AFFIRMATIVE DEFENSES**

1. The Complaint fails in one or more respects to state a claim upon which relief may be granted.

2. Defendant may have an absolute defense to the claims asserted in the Complaint pursuant to Section 10 of the Portal-to-Portal Act. 29 U.S.C. § 259(a).

3. Even if, *arguendo*, Defendant is liable, Section 11 of the Portal-to-Portal Act may apply since Defendant acted in good faith and had reasonable grounds for believing that its act or

omission was not in violation of the Fair Labor Standards Act and, therefore, Plaintiff is precluded from recovering liquidated damages or an award of any amount in excess of actual back wages awarded. 29 U.S.C. § 260.

4. If there was any failure to pay wages, overtime, minimum wage, or other violation of law, the related time worked by Plaintiff was *de minimis*. As a result, Plaintiff is not entitled to damages for such *de minimis* amounts.

5. Plaintiff may have failed, in whole or in part, to mitigate his damages.

6. Plaintiff entered false time records by clocking in earlier or later, depending on the circumstances, in order to receive an unauthorized higher wage rate and/or generate unearned compensation and was therefore overpaid wages and, as a result, any damages owed by Defendant must be offset or reduced by the time and amount related to Plaintiff's falsifications of time records.

7. The claims in the Complaint may be barred in one or more respect by accord and satisfaction, failure of a condition precedent, failure of condition subsequent, satisfaction, payment, and the applicable statutes of limitations.

8. Plaintiff has failed to take reasonable steps to avoid and/or limit their alleged damages by failing to report any concerns to a member of management, by performing work secretly and without Defendant's knowledge, and by failing to comply with reasonable, clearly-communicated policies of Defendant, which obligated them to properly record all compensable time worked. They are therefore estopped from bringing their claims.

9. Defendant has absolute and/or limited defenses under the Portal-to-Portal Act including, but not limited to, 29 U.S.C. §§254(a) and related regulations set forth in 29 C.F.R. 785 et seq., and/or any commuting time subject to applicable law.

10. Plaintiff failed to properly record his hours worked.

11. Defendant did not suffer or permit Plaintiff to work more than 40 hours without overtime compensation.

12. Plaintiff did not work more than 40 hours in a workweek without being compensated for all overtime hours worked.

13. Plaintiff received minimum wage for all hours worked and, moreover, agreed to reimburse Defendant for the necessary costs incurred as a result of Plaintiff's unauthorized use and possession of Defendant's vehicle and equipment, as well as Plaintiff's misappropriation of the same across state lines.

14. Defendant did not permit Plaintiff to perform work for which he did not receive compensations as required under law.

15. Defendant may be exempt from overtime requirements under law.

16. Defendant reserves the right to supplement this list of affirmative defenses as further development of the facts or the law may warrant.

## COUNTERCLAIMS

COMES NOW Applied Flooring Solutions, LLC (hereafter "Applied Flooring"), and for its counterclaims against Thomas Powers ("Powers") and without waiving its responses, answers, or affirmative defenses to the Complaint and, to the contrary, expressly reserving the same, states the following:

1. This Court has original jurisdiction in this case over the Fair Labor Standards Act claims brought by Powers.

2. Each of Applied Flooring's counterclaims are brought under Wisconsin state law and, furthermore, the counterclaims are so related to Powers' Fair Labor Standards Act claims that they form part of the same case or controversy.

3. Further, (i) these counterclaims do not raise a novel or complex issue of state law; (ii) these counterclaims will not substantially predominate over the putative classes' FLSA claim (i.e. the claim over which this Court has original jurisdiction); (iii) the Court has not dismissed all claims over which it has original jurisdiction; and (iv) no exceptional or compelling circumstances are present here that would cause the Court to deny supplemental jurisdiction.

4. This Court has supplemental jurisdiction over these counterclaims pursuant to 28 U.S.C. §1367.

5. Applied Flooring, at times within the six-year period preceding the filing of these counterclaims, employed Powers.

6. At the time that Powers was hired, upon information and belief, he was homeless and Applied Flooring saw him apparently living out of his automobile in a Ramada parking lot.

7. Feeling a sense of duty and compassion, Applied Flooring offered to hire him, train him, and give him a chance to earn a living and better himself.

8. As part of Powers' training, Powers was instructed and required to accurately and properly record his hours worked.

9. Because Powers often worked at job locations away from the shop and without direct supervision, Applied Flooring relied on the integrity of Powers to be honest and accurate in recording hours worked.

10. Applied Flooring, at all times material, required that Powers utilize a sophisticated software application to clock-in and clock-out (hereafter referred to as "punch" or

11

"punching" in or out) at the start and finish of his work day, and also during various parts of the workday depending on the activity he was engaged in.

11. The software application was uploaded onto Powers' phone and used by Powers throughout the duration of his employment with Applied Flooring.

12. The software application not only tracked the date and time of each time Powers punched in or out, but it also allows Applied Flooring the ability to retroactively review the GPS location stamp, which includes a picture of the individual punching in or out, for each time that Powers punched in or out of the application.

13. Applied Flooring compensated Powers for travel time required under the law including, but not limited to, any time after Powers left the shop to travel to jobs.

14. Applied Flooring compensated Powers for travel time required to be paid under the law at a rate of $15 per hour, if he was the driver, or at a rate of $10 per hour, if he was a passenger.

15. Except for travel time, Powers' regular hourly rate was always at least $18 while he was performing any work, and sometimes, depending on the project or job, his regular hourly rate was significantly higher than $18 per hour.

16. Upon information and belief, Powers intentionally and willfully punched in before arriving at the shop or, when driving straight to a nearby job, before arriving at the job for the purpose of improperly receiving his higher regular hourly rate and/or greater compensation that he was otherwise not entitled to.

17. Upon information and belief, Powers intentionally and willfully punched out after leaving the shop or, when driving from a nearby job, after leaving that job for the purpose of

12

improperly receiving his higher regular hourly rate and/or greater compensation that he was otherwise not entitled to.

18. Powers routinely punched in or failed to punch out under his regular hourly rate during periods when he was not working and not entitled to his regular hourly rate.

19. Powers routinely failed to punch in under the travel time rate, even though he was traveling and required to punch in under the travel time rate.

20. As a result, Powers received more compensation from Applied Flooring than that to which he was entitled.

## COUNTERCLAIM I
### Breach of Contract

21. Applied Flooring adopts and incorporates by reference paragraphs 1 through 20 of these Counterclaims.

22. Applied Flooring offered to employ Powers on terms and conditions which included, among other things, an understanding between Applied Flooring and Powers that he would record his hours worked and travel time accurately, and according to Applied Flooring's pay policies and procedures described above.

23. Applied Flooring would not have knowingly employed Powers if it had known he would fail or refuse to properly record his hours worked.

24. Powers accepted employment with Applied Flooring and was at all times fully aware of Applied Flooring's pay policies and procedures, including the policy and procedure related to travel time, punching in and/or out, and recording work time.

25. On one or more occasions, Powers breached the terms of his employment with Applied Flooring by intentionally and willfully improperly punching in under his regular hourly

13

rate and/or failing to punch out of his regular hourly rate when he was not performing work and/or otherwise was not entitled to compensation at his regular hourly rate.

26. Because of the actions of Powers, Applied Flooring has suffered losses and other monetary damages.

27. Because of the actions of Powers, Applied Flooring paid Powers sums to which he was not entitled.

### Counterclaim II
### Fraud

28. Applied Flooring adopts and incorporates by reference paragraphs 1 through 27 of these counterclaims.

29. Powers knowingly and intentionally falsified company time-keeping records by reporting that he worked more hours than he actually worked, reporting time as working under his regular hourly rate when it was actually travel time, and/or reporting travel time when it was not actually travel time.

30. Powers acted maliciously toward Applied Flooring and/or with an intentional disregard for the rights of the Applied Flooring.

31. As a result of each Powers' willful and intentional falsification of company time-keeping records, Powers received more compensation from Applied Flooring than that to which he was entitled.

32. As a result of the actions of Powers, Applied Flooring has suffered losses and other monetary damages.

### Counterclaim III
### Unjust Enrichment

33. Applied Flooring adopts and incorporates by reference paragraphs 1 through 32 of these counterclaims.

14

34. By paying Powers for hours worked that he did not actually work and/or at an hourly rate that he was not entitled to, Applied Flooring conferred a benefit upon Powers.

35. Powers was aware that a portion of the pay he received from Applied Flooring was pay for time that was not work time and/or at an hourly rate that he was not entitled to.

36. Despite this knowledge, Powers did not report the overpayment to Applied Flooring, but instead, kept the extra pay for his own benefit and to the detriment of Applied Flooring.

37. Applied Flooring relied on the punch in and punch out records submitted by Powers in compensating him and believed that Powers was submitting truthful records at that time.

38. Powers acted maliciously toward Applied Flooring and/or with an intentional disregard for the rights of the Applied Flooring.

39. In the interests of justice, Powers should be compelled to return all sums paid to him for time that he did not work and/or for amounts or hourly rates he was not otherwise entitled to.

40. As a result of the actions of Powers, Applied Flooring has suffered losses and other monetary damages.

WHEREFORE, Applied Flooring Solutions, LLC, demands judgment against the Plaintiff, Thomas Powers, as follows:

A. For dismissal of Powers' Complaint on its merits and with prejudice;

B. For a sum equal to the amounts that Applied Flooring overpaid to Powers, together with appropriate interest;

C. Punitive damages;

D. For attorneys' fees and costs as allowed by law; and

C. For such other and further relief as the Court deems just and equitable.

Dated this 7th day of June, 2019.

                    LAW FIRM OF CONWAY, OLEJNICZAK & JERRY, S.C.
                    Attorneys for Defendant, Applied Flooring Solutions, LLC


By: *s/ Kurt A. Goehre*
      Kurt A. Goehre
      State Bar No. 1068003

<u>POST OFFICE ADDRESS</u>:
231 South Adams Street
P.O. Box 23200
Green Bay, WI 54305-3200
Telephone: (920) 437-0476
Facsimile: (920) 437-2868
E-mail: kag@lcojlaw.com

*831914.027:#3106093*

16

Case 1:19-cv-00525-WCG   Filed 06/07/19   Page 16 of 16   Document 7