UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

THOMAS POWERS,

    Plaintiff,

v.

                              Case No.: 19-cv-525

APPLIED FLOORING SOLUTIONS, LLC,

    Defendant

## PLAINTIFF'S ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANT'S COUNTERCLAIMS

COMES NOW, Plaintiff, Thomas Powers, by his counsel, Walcheske & Luzi, LLC, and hereby Answers Defendant's, Applied Flooring Solutions, LLC's, Counterclaims as follows:

1. This Court has original jurisdiction in this case over the Fair Labor Standards Act claims brought by Powers.

**ANSWER:** Paragraph 1 contains legal conclusions to which no response is required. To the extent Paragraph 1 contains any factual allegations, Plaintiff admits that this Court original jurisdiction vis-à-vis his Fair Labor Standards Act causes of action against Defendant. Plaintiff denies any remaining factual allegations stated in Paragraph 1.

2. Each of Applied Flooring's counterclaims are brought under Wisconsin state law and, furthermore, the counterclaims are so related to Powers' Fair Labor Standards Act claims that they form part of the same case or controversy.

**ANSWER:** Paragraph 2 contains legal conclusions to which no response is required. To the extent Paragraph 2 contains any factual allegations, Plaintiff admits that Defendant's

counterclaims are brought under Wisconsin state law. Plaintiff denies any remaining factual allegations stated in Paragraph 2.

3. Further, (i) these counterclaims do not raise a novel or complex issue of state law; (ii) these counterclaims will not substantially predominate over the putative classes' FLSA claim (i.e. the claim over which this Court has original jurisdiction); (iii) the Court has not dismissed all claims over which it has original jurisdiction; and (iv) no exceptional or compelling circumstances are present here that would cause the Court to deny supplemental jurisdiction.

**ANSWER:** Plaintiff denies the factual allegations stated in Paragraph 3.

4. This Court has supplemental jurisdiction over these counterclaims pursuant to 28 U.S.C. §1367(a).

**ANSWER:** Paragraph 4 contains legal conclusions to which no response is required. To the extent Paragraph 4 contains any factual allegations, Plaintiff admits that this Court has supplemental jurisdiction over Defendant's counterclaims by virtue of Plaintiff's Fair Labor Standards Act causes of action before this Court.

5. Applied Flooring, at times within the six-year period preceding the filing of these counterclaims, employed Powers.

**ANSWER:** From approximately June 2018 to March 2019, Defendant employed Plaintiff. Plaintiff denies the remaining factual allegations stated in Paragraph 5.

6. At the time that Powers was hired, upon information and belief, he was homeless and Applied Flooring saw him apparently living out of his automobile in a Ramada parking lot.

**ANSWER:** Plaintiff denies the factual allegations stated in Paragraph 6.

7. Feeling a sense of duty and compassion, Applied Flooring offered to hire him, train him, and give him a chance to earn a living and better himself.

**ANSWER:** Plaintiff denies the factual allegations stated in Paragraph 7.

8. As part of Powers' training, Powers was instructed and required to accurately and properly record his hours worked.

**ANSWER:** Plaintiff denies the factual allegations stated in Paragraph 8.

9. Because Powers often worked at job locations away from the shop and without direct supervision, Applied Flooring relied on the integrity of Powers to be honest and accurate in recording hours worked.

**ANSWER:** Plaintiff admits that during his employment with Defendant, Plaintiff performed work "away from the shop." Plaintiff denies the remaining factual allegations stated in Paragraph 9.

10. Applied Flooring, at all times material, required that Powers utilize a sophisticated software application to clock-in and clock-out (hereafter referred to as "punch" or "punching" in or out) at the start and finish of his work day, and also during various parts of the workday depending on the activity he was engaged in.

**ANSWER:** Plaintiff admits that during his employment with Defendant, Plaintiff recorded his hours worked and work performed via Defendant's "software application." Plaintiff lacks information and knowledge regarding the remaining factual allegations in Paragraph 10, and therefore denies the allegations regarding same and demands strict proof thereof.

11. The software application was uploaded onto Powers' phone and used by Powers throughout the duration of his employment with Applied Flooring.

**ANSWER:** Plaintiff admits that during his employment with Defendant, Plaintiff recorded his hours worked and work performed via Defendant's "software application." Plaintiff lacks

3

information and knowledge regarding the remaining factual allegations in Paragraph 11, and therefore denies the allegations regarding same and demands strict proof thereof.

12. The software application not only tracked the date and time of each time Powers punched in or out, but it also allows Applied Flooring the ability to retroactively review the GPS location stamp, which includes a picture of the individual punching in or out, for each time that Powers punched in or out of the application.

**ANSWER:** Plaintiff admits that during his employment with Defendant, Plaintiff recorded his hours worked and work performed via Defendant's "software application." Plaintiff lacks information and knowledge regarding the remaining factual allegations in Paragraph 12, and therefore denies the allegations regarding same and demands strict proof thereof.

13. Applied Flooring compensated Powers for travel time required under the law including, but not limited to, any time after Powers left the shop to travel to jobs.

**ANSWER:** Paragraph 13 contains legal conclusions to which no response is required. To the extent Paragraph 13 contains any factual allegations, Plaintiff denies the factual allegations stated in Paragraph 13.

14. Applied Flooring compensated Powers for travel time required to be paid under the law at a rate of $15 per hour, if he was the driver, or at a rate of $10 per hour, if he was a passenger.

**ANSWER:** Plaintiff lacks information and knowledge regarding the factual allegations in Paragraph 14, and therefore denies the allegations regarding same and demands strict proof thereof.

15. Except for travel time, Powers' regular hourly rate was always at least $18 while he was performing any work, and sometimes, depending on the project or job, his regular hourly rate was significantly higher than $18 per hour.

**ANSWER:** Plaintiff lacks information and knowledge regarding the factual allegations in Paragraph 15, and therefore denies the allegations regarding same and demands strict proof thereof.

16. Upon information and belief, Powers intentionally and willfully punched in before arriving at the shop or, when driving straight to a nearby job, before arriving at the job for the purpose of improperly receiving his higher regular hourly rate and/or greater compensation that he was otherwise not entitled to.

**ANSWER:** Plaintiff denies the factual allegations stated in Paragraph 16.

17. Upon information and belief, Powers intentionally and willfully punched out after leaving the shop or, when driving from a nearby job, after leaving that job for the purpose of improperly receiving his higher regular hourly rate and/or greater compensation that he was otherwise not entitled to.

**ANSWER:** Plaintiff denies the factual allegations stated in Paragraph 17.

18. Powers routinely punched in or failed to punch out under his regular hourly rate during periods when he was not working and not entitled to his regular hourly rate.

**ANSWER:** Plaintiff denies the factual allegations stated in Paragraph 18.

19. Powers routinely failed to punch in under the travel time rate, even though he was traveling and required to punch in under the travel time rate.

**ANSWER:** Plaintiff denies the factual allegations stated in Paragraph 19.

5

20. As a result, Powers received more compensation from Applied Flooring than that to which he was entitled.

**ANSWER:** Plaintiff denies the factual allegations stated in Paragraph 20.

## COUNTERCLAIM 1
### Breach of Contract

21. Applied Flooring adopts and incorporates by reference paragraphs 1 through 20 of these Counterclaims.

**ANSWER:** Plaintiff incorporates his answers to the allegations stated in Paragraphs 1 to 20 as though set forth fully herein.

22. Applied Flooring offered to employ Powers on terms and conditions which included, among other things, an understanding between Applied Flooring and Powers that he would record his hours worked and travel time accurately, and according to Applied Flooring's pay policies and procedures described above.

**ANSWER:** Plaintiff denies the factual allegations stated in Paragraph 22.

23. Applied Flooring would not have knowingly employed Powers if it had known he would fail or refuse to properly record his hours worked.

**ANSWER:** Plaintiff lacks information and knowledge regarding the factual allegations in Paragraph 23, and therefore denies the allegations regarding same and demands strict proof thereof.

24. Powers accepted employment with Applied Flooring and was at all times fully aware of Applied Flooring's pay policies and procedures, including the policy and procedure related to travel time, punching in and/or out, and recording work time.

**ANSWER:** Plaintiff denies the factual allegations stated in Paragraph 24.

25. On one or more occasions, Powers breached the terms of his employment with Applied Flooring by intentionally and willfully improperly punching in under his regular hourly rate and/or failing to punch out of his regular hourly rate when he was not performing work and/or otherwise was not entitled to compensation at his regular hourly rate.

**ANSWER:** Plaintiff denies the factual allegations stated in Paragraph 25.

26. Because of the actions of Powers, Applied Flooring has suffered losses and other monetary damages.

**ANSWER:** Plaintiff denies the factual allegations stated in Paragraph 26.

27. Because of the actions of Powers, Applied Flooring paid Powers sums to which he was not entitled.

**ANSWER:** Plaintiff denies the factual allegations stated in Paragraph 27.

### Counterclaim II
### Fraud

28. Applied Flooring adopts and incorporates by reference paragraphs 1 through 27 of these counterclaims.

**ANSWER:** Plaintiff incorporates his answers to the allegations stated in Paragraphs 1 to 27 as though set forth fully herein.

29. Powers knowingly and intentionally falsified company time-keeping records by reporting that he worked more hours than he actually worked, reporting time as working under his regular hourly rate when it was actually travel time, and/or reporting travel time when it was not actually travel time.

**ANSWER:** Plaintiff denies the factual allegations stated in Paragraph 29.

30. Powers acted maliciously toward Applied Flooring and/or with an intentional disregard for the rights of the Applied Flooring.

7

**ANSWER:** Plaintiff denies the factual allegations stated in Paragraph 30.

31. As a result of each Powers' willful and intentional falsification of company timekeeping records, Powers received more compensation from Applied Flooring than that to which he was entitled.

**ANSWER:** Plaintiff denies the factual allegations stated in Paragraph 31.

32. As a result of the actions of Powers, Applied Flooring has suffered losses and other monetary damages.

**ANSWER:** Plaintiff denies the factual allegations stated in Paragraph 32.

### Counterclaim III
### Unjust Enrichment

33. Applied Flooring adopts and incorporates by reference paragraphs 1 through 32 of these counterclaims.

**ANSWER:** Plaintiff incorporates his answers to the allegations stated in Paragraphs 1 to 32 as though set forth fully herein.

34. By paying Powers for hours worked that he did not actually work and/or at an hourly rate that he was not entitled to, Applied Flooring conferred a benefit upon Powers.

**ANSWER:** Plaintiff denies the factual allegations stated in Paragraph 34.

35. Powers was aware that a portion of the pay he received from Applied Flooring was pay for time that was not work time and/or at an hourly rate that he was not entitled to.

**ANSWER:** Plaintiff denies the factual allegations stated in Paragraph 35.

36. Despite this knowledge, Powers did not report the overpayment to Applied Flooring, but instead, kept the extra pay for his own benefit and to the detriment of Applied Flooring.

**ANSWER:** Plaintiff denies the factual allegations stated in Paragraph 36.

8

37. Applied Flooring relied on the punch in and punch out records submitted by Powers in compensating him and believed that Powers was submitting truthful records at that time.

**ANSWER:** Plaintiff lacks information and knowledge regarding the factual allegations in Paragraph 37, and therefore denies the allegations regarding same and demands strict proof thereof.

38. Powers acted maliciously toward Applied Flooring and/or with an intentional disregard for the rights of the Applied Flooring.

**ANSWER:** Plaintiff denies the factual allegations stated in Paragraph 38.

39. In the interests of justice, Powers should be compelled to return all sums paid to him for time that he did not work and/or for amounts or hourly rates he was not otherwise entitled to.

**ANSWER:** Plaintiff denies the factual allegations stated in Paragraph 39.

40. As a result of the actions of Powers, Applied Flooring has suffered losses and other monetary damages.

**ANSWER:** Plaintiff denies the factual allegations stated in Paragraph 40.

The remainder of Defendant's Counterclaims is a demand or request for relief to which no response is required. To the extent the demand or request for relief contains any factual allegations, Plaintiff denies those factual allegations and denies that Defendant is entitled to any of the relief requested in its Counterclaims. Plaintiff further denies any and all remaining allegations in Defendant's Counterclaims.

# AFFIRMATIVE DEFENSES

1. Defendant's Counterclaims fail to state claims upon which relief can be granted.

2. At no time during Plaintiff's employment with Defendant did Plaintiff knowingly and intentionally falsified company time-keeping records.

3. At no time during Plaintiff's employment with Defendant did Plaintiff engage in conduct detrimental to Defendant.

4. At no time during Plaintiff's employment with Defendant did Plaintiff maliciously toward Defendant and/or with an intentional disregard for Defendant's "rights."

5. Defendant has not sustained any damage(s) or loss, which are necessary elements to each and every one of its Counterclaims.

6. No action or inaction of Plaintiff caused or contributed to any alleged damage sustained by Defendant.

7. Defendant has failed to mitigate its alleged damages.

8. Defendant's Counterclaims are barred by unclean hands.

9. Defendant's Counterclaims are barred by waiver.

10. Defendant's Counterclaims are frivolous because they lack essential elements.

11. Defendant's Counterclaims against Plaintiff are retaliatory vis-à-vis Plaintiff's filing of his Complaint (ECF No. 1).

**WHEREFORE**, Plaintiff respectfully requests that Defendant's Counterclaims be dismissed in their entirety, on the merits and with prejudice, and that the Court:

(1) Enter judgment in favor of Plaintiff;

(2) Award Plaintiff his reasonable attorneys' fees and costs incurred in defending against Defendant's baseless Counterclaims; and

(3) Award Plaintiff all such further relief to which he is entitled as a matter of law or equity and as the Court deems just and equitable.

Dated this 14th day of June, 2019

>WALCHESKE & LUZI, LLC
>Counsel for Plaintiff
>
>
>s/ *Scott S. Luzi*
>Scott S. Luzi, State Bar No. 1067405

WALCHESKE & LUZI, LLC
15850 W. Bluemound Road, Suite 304
Brookfield, Wisconsin 53005
Phone: (262) 780-1953
Fax: (262) 565-6469
sluzi@walcheskeluzi.com